**Ben POURBABAI, Petitioner,**

v.

**DEPARTMENT OF TRANSPORTATION, Respondent.**

No. 03–3321.

United States Court of Appeals, Federal Circuit.

DECIDED: March 5, 2004.

Rehearing Denied April 26, 2004.

Ben Pourbabai, Great Falls, VA, pro se.

Michael D. Austin, Principal Attorney, Robert E. Kirschman, Jr., David M. Cohen, Department of Justice, of Counsel, Washington, DC, for Respondent.

Before MAYER, Chief Judge, CLEVENGER and GAJARSA, Circuit Judges.

PER CURIAM.

Ben Pourbabai seeks review of the final decision of the Merit Systems Protection Board ("Board") denying his petition to enforce or rescind a settlement agreement between himself and the Federal Aviation Administration in the Department of Transportation ("agency"), pursuant to which Mr. Pourbabai has voluntarily resigned from the agency. *Pourbabai v. Dep't of Transp.*, No. DC1221010552–C–2, 94 M.S.P.R. 484, 2003 WL 21961336 (M.S.P.B. Aug. 12, 2003). The Board affirmed the initial decision of an administrative judge concluding that Mr. Pourbabai had not demonstrated the agency's noncompliance with the settlement agreement. We *affirm.*

I

On June 5, 2001, Mr. Pourbabai filed an individual right of action against the agency, alleging that the agency had taken an adverse personnel action against him on account of his whistleblowing activity. At that time, Mr. Pourbabai had pending several discrimination complaints against the agency. On June 23, 2001, the agency and Mr. Pourbabai entered a global settlement agreement, putting to rest their differences.

The key provisions of the settlement agreement for purposes this appeal are: (1) that, on January 2, 2002, the agency would pay $300,000 jointly to Mr. Pourbabai and his lawyer; (2) that the Deputy Chief Counsel, on behalf of the agency, would execute Mr. Pourbabai's self-appraisal for 2001, noting that he met expectations; (3) that, until his voluntary retirement set for December 30, 2000 (or such earlier date he might select), Mr. Pourbabai would remain in his position, with access to telephone, computer, mail and other resources, to perform research and development projects; and (4) that, if he were to believe that the agency had failed to comply with its obligations under the agreement, Mr. Pourbabai would be able to request enforcement of the agreement or reinstatement of his charges.

On February 4, 2002, Mr. Pourbabai refiled his appeal with the Board, alleging that the agency had breached its obligations under the settlement agreement in three principal ways. First, because the agency tendered the payment due under the agreement early, on December 21, 2001, Mr. Pourbabai alleged that the agency breached the term in the agreement calling for payment on January 2, 2002. Mr. Pourbabai stated that the January 2 date had been selected on purpose to achieve certain tax consequences that would be frustrated by payment in 2001.

Mr. Pourbabai refused to take possession of the tendered check.

Second, Mr. Pourbabai alleged that the agency had breached its obligation to execute his self-appraisal for 2001. The agency did execute a self-appraisal, noting that he "met expectations," but did not execute a narrative response supplied by Mr. Pourbabai describing his "Areas of Professional Growth Focus" or his self-authored list of accomplishments. Mr. Pourbabai argued that the agency was obligated to execute the additional items.

Third, Mr. Pourbabai alleged that the agency failed to meet its obligations for the scope of his work in the remaining months of 2001 by denying him the opportunity to make six international trips and by failing to provide him with a computer.

With less focus, Mr. Pourbabai also alleged that the agency subjected him to further harassment, intimidation and discrimination; that the agency had not purged its records of performance evaluations and documents critical of Mr. Pourbabai as required by the agreement; that the agency had not set up the required referral arrangement should outsiders ask about Mr. Pourbabai; and that the agency breached the confidentiality provisions of the settlement agreement because an employee tasked with meeting Mr. Pourbabai's resource requests in the last months of 2001 was aware of the agreement.

## II

The administrative judge assigned to Mr. Pourbabai's case considered and decided Mr. Pourbabai's allegations of breach of the settlement agreement in a fourteen-page opinion. The administrative judge correctly noted that it is Mr. Pourbabai's burden to prove by a preponderance of the evidence that the agency has breached the agreement.

On the issue of early payment, the administrative judge found that early tender of the amount due did not amount to material breach. According to the administrative judge, the agency was willing to cancel the original check and issue one dated in 2002, which Mr. Pourbabai could accept and thereby achieve his desire to have the payment fall outside his 2001 tax year. Mr. Pourbabai, however, refused to accept payment and did not seek payment on other terms. With regard to the issue of whether the agency breached the agreement by failing to execute additional items on Mr. Pourbabai's self-appraisal for 2001, the administrative judge, interpreting the settlement agreement, held that the agreement did not obligate the agency to execute the additional matter as urged by Mr. Pourbabai. Additionally, the administrative judge found that the agency adequately provided support to Mr. Pourbabai in the remaining months of 2001: Mr. Pourbabai had been afforded some international travel and had been offered a new IBM computer which he declined to accept.

On Mr. Pourbabai's contentions of the agency's harassment, intimidation and discrimination, and of the agency's failure to purge records, the administrative judge held that Mr. Pourbabai had produced no evidence to support his allegations. Since the agency in fact set the required referral arrangements in place, Mr. Pourbabai's contrary contention was rejected. Furthermore, because the person who knew of the settlement agreement was the person who would deal directly with Mr. Pourbabai up to his actual retirement, the administrative judge held that knowledge by such a person did not violate the confidentiality provisions of the agreement.

After the administrative judge denied his petition for enforcement, the full board denied Mr. Pourbabai's petition for review. Mr. Pourbabai then sought review in this

court, and we have jurisdiction under 28 U.S.C. § 1295(a)(9) (2000).

## III

We must affirm the final decision of the Board unless we determine that it is arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law. 5 U.S.C. § 7703(c)(1)-(2) (2000). When the Board's decision rests on findings of fact, those findings must be supported by substantial evidence. *Id.* § 7703(c)(3).

In his briefs to this court, Mr. Pourbabai repeats the arguments he made before the Board on the three principal issues, as well as on his other contentions. In addition, he suggests that he was forced to sign the agreement under duress.

We have reviewed the record and conclude that the Board did not commit reversible error in holding that Mr. Pourbabai has not shown by a preponderance of the evidence that the agency breached the settlement agreement. Mr. Pourbabai only restates the arguments he apparently made below. He neither mounts a serious challenge to the reasoning the board used to reject his three principal arguments nor provides any evidence of record to support his remaining charges, including his new allegation of duress. The facts underlying the Board's decision are supported by substantial evidence, and the Board's interpretation of the settlement agreement is correct. We perceive no reversible error in the final decision of the Board, and consequently we affirm.